

Hunton Andrews Kurth LLP
200 Park Avenue
New York, NY 10166
+1.212.309.1000 Phone
+1.212.309.1100 Fax
HuntonAK.com

Jonathan D. Reichman
+1.212.908.6256 Phone
JReichman@andrewskurthkenyon.com

July 27, 2018

**VIA ECF**

The Honorable Ronnie Abrams
United States District Judge, S.D.N.Y.
Thurgood Marshall United States Courthouse
40 Foley Square
New York, New York 10007

   Re:  *Polaris Images Corporation v. The Daily Beast Company, LLC*
       Case No. l 1:18-cv-4638 (RA) (S.D.N.Y.)

Dear Judge Abrams:

  Pursuant to Your Honor's June 19, 2018 Order (ECF No. 6), the parties in the above-referenced action submit the following joint letter.

  **1.**  **Nature of the Action; Defenses.**

  **a.**  **Plaintiff.**

  Polaris Images Corporation ("Polaris") is an independent photo agency that represents photographers internationally. Polaris is the exclusive licensee for the image of Afton Burton that is at the heart of this litigation. Polaris has an exclusive distribution agreement with Afton Burton and Craig Hammond. The photograph was available for proper licensing through Polaris. The photograph was later registered with the U.S. Copyright Office.

  Defendant ran its own article on its website that prominently featured the photograph in question. Neither Polaris, nor anyone authorized, licensed, give permission nor consent to publication of the photograph by the Defendant. Defendant's publication of the photograph contained commercial advertisements.

  As a direct result of Defendant's infringement Polaris lost the opportunity to license the photograph and the market for this photograph was gravely and adversely effected by the Defendant's activities. Polaris asserts that Defendant's infringement was willful, intentional, purposeful, and in disregard or indifference to Polaris' rights in the photograph.

The Honorable Ronnie Abrams
July 27, 2018
Page 2

### b. Defendant.

The Daily Beast Company, LLC ("The Daily Beast") operates www.thedailybeast.com, a popular news and opinion website focusing on politics and pop culture. The Daily Beast is an operating business of the media company IAC/InterActiveCorp (www.iac.com).

The Daily Beast vigorously disputes Plaintiff's allegations with respect to injury and willfulness. The Daily Beast submits that, assuming liability is established, Plaintiff is entitled to no more than a reasonable license fee. (Plaintiff does not seek statutory damages or attorney's fees in this action.)

The Daily Beast's principal defense to Plaintiff's claim is fair use, given that it used the subject photograph (the "Photograph") for a different purpose -- *i.e.*, in connection with a news article -- than (on information and belief) the purpose for which it was taken. *See* 17 U.S.C. § 107; *Philpot v. Media Research Center Inc.*, 279 F. Supp. 3d 708, 721 (E.D. Va. 2018) (finding fair use in a "pro-life" group's publication of a photograph of a country music performer in the context of articles about pro-life performers); *Goldman v. Breitbart News Network, LLC*, 302 F. Supp. 3d 585, 596 (S.D.N.Y. 2018) (where defendant online news outlet published photo of football player Tom Brady in articles relating to Brady, "[t]here is . . . a very serious and strong fair use defense . . . .").

### 2. Jurisdiction; Venue.

### a. Jurisdiction.

Plaintiff's only claim in this case arises under the Copyright Act (*i.e.*, 17 U.S.C. §§ 106, 501, *et seq.*). Therefore, this Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

The Daily Beast is a Delaware limited liability company with a principal place of business in the State of New York. Therefore, this Court has personal jurisdiction over The Daily Beast pursuant to N.Y. CPLR § 301.

### b. Venue.

The Daily Beast is the only defendant in this case. As stated supra, this Court has personal jurisdiction over The Daily Beast. Therefore, venue is proper in this Court pursuant to 28 U.S.C. § 1391(b).

### c. The Daily Beast LLC.

The Daily Beast is a Delaware limited liability company. Each/all members of the limited liability company are citizens of the United States.

The Honorable Ronnie Abrams
July 27, 2018
Page 3

### 3. Motions.

There are no pending motions in this case. The Daily Beast's response to the Complaint is due on August 17, 2018. Polaris intends to move for summary judgment on liability at the close of discovery. The Daily Beast anticipates moving for summary judgment on the ground of fair use after discovery closes.

### 4. Discovery.

Discovery has not yet commenced. The Daily Beast anticipates taking discovery focused on the creation of the Photograph as well as its licensing history (including licensing revenues, if any). Such discovery is expected to include the depositions of Afton Burton and Craig Hammond.

Since the Plaintiff is eligible for actual damages on the copyright infringement claim, it would need to take discovery that establishes the expenses saved, profits reaped, and any other benefits, gains or advantages attributable to the infringement. Plaintiff anticipates taking the deposition of the editor and the corporate representative of the Defendant.

### 5. Settlement.

The Daily Beast voluntarily and permanently removed the Photograph from its website following the filing of this action. The parties exchanged initial settlement offers in late June/early July 2018. On July 16, 2018, The Daily Beast sent Plaintiff a FED. R. CIV. P. 68 Offer of Judgment, to which Plaintiff has not yet responded.

Plaintiff would like the matter to be referred to the SDNY mediation program with a mediator that specializes in copyright law.

### 6. Estimated Length of Trial.

The parties anticipate the trial of this action will take approximately two (2) days.

### 7. Additional Information.

#### a. Plaintiff.

The parties engaged in a preliminary settlement discussion. The parties are simply too far apart for a productive settlement discussion and discovery should commence without delay.

#### b. Defendant.

The Daily Beast notes that Plaintiff's counsel initiated this dispute by filing the lawsuit, and made no effort to resolve this matter short of litigation.

The Honorable Ronnie Abrams
July 27, 2018
Page 4

| | |
|---|---|
| Dated: July 27, 2018<br>New York, New York | Respectfully submitted, |
| /s/Richard P. Liebowitz<br>Richard P. Liebowitz<br>LIEBOWITZ LAW FIRM, PLLC<br>11 Sunrise Plaza, Suite 305<br>Valley Stream, New York 11580<br>Tel.: (516) 233-1660<br>Email: RL@LiebowitzLawFirm.com | /s/Jonathan D. Reichman<br>Jonathan D. Reichman<br>Jonathan W. Thomas<br>HUNTON ANDREWS KURTH LLP<br>200 Park Avenue, 53rd Floor<br>New York, New York 10166<br>Tel.: (212) 309-1000<br>Email: JReichman@HuntonAK.com<br>         JThomas@HuntonAK.com |
| Counsel for Plaintiff | Counsel for Defendant |

DC01:1185287.2